The case was submitted on the papers filed, accompanied by a memorandum of law.
RESCRIPT
**1015 The petitioner appeals from a judgment of a single justice of this court denying his *848 petition pursuant to G. L. c. 211, § 3. We affirm.
The respondent sought an abuse prevention order against the petitioner pursuant to G. L. c. 209A. After a hearing on the extension of the temporary ex parte order, a judge in the District Court declined to extend the G. L. c. 209A order and instead issued a one-year harassment prevention order pursuant to G. L. c. 258E. The judge subsequently denied the petitioner's motion to reconsider, and the petitioner then filed his G. L. c. 211, § 3, petition in the county court. The single justice denied the petition without a hearing.
The petitioner has now filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), but he is not challenging an interlocutory ruling of the trial court. Regardless of whether rule 2:21 applies, however, it is clear that the petitioner is not entitled to review pursuant to **1016 G. L. c. 211, § 3, because he has an adequate alternative remedy. See O'Brien v. Borowski, 461 Mass. 415, 417-418, 961 N.E.2d 547 (2012) (appeals from G. L. c. 258E harassment prevention orders to be filed in Appeals Court). The petitioner argues that the normal appellate process would be inadequate because of the time it would take to pursue the appeal and receive a favorable outcome. The remedy for this concern is to seek expedited review in the Appeals Court, a stay of the underlying order pending appeal, or both, not through a G. L. c. 211, § 3, petition in this court.
The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.